*Beckner & Nelson, for appellant.*

---

CATHARINE WALLER'S ADM'R *v.* WILLIAM HARRISON, ET AL.

**Marriage—Conveyance of Real Estate in Consideration of Marriage.**

A conveyance by a man to a woman in consideration of a marriage is legal when the parties have capacity to contract.

**Mental Capacity.**

Mere mental imbecility of one of the parties to a contract does not render the contract void. Such contracts, if fairly made and fully executed without knowledge on the part of the other contracting party, are not even voidable by the lunatic or by any one claiming under him.

**Creditors of Husband.**

Where a man conveys his real estate to a woman in consideration of marriage and the marriage is consummated, his creditors cannot subject the land to sale to pay the grantor's debts.

APPEAL FROM HICKMAN CIRCUIT COURT.

May 19, 1876.

OPINION BY JUDGE COFER:

The deed to the land in contest was made by E. T. Taylor to the female appellee in consideration of her agreement to marry him. The marriage was consummated and the contract thus became fully executed on both sides.

The appellant, who is a creditor of Taylor, and was such at the time the deed was made, seeks to subject the land thus conveyed to the payment of his debt, upon two grounds: 1. That the grantor

was at the time of making the deed in a state of mental imbecility which incapacitated him to make a valid contract; and, 2. That the grantee, well knowing his mental weakness and his peculiar susceptibility in his then demented condition to the influence of women, wickedly and fraudulently imposed upon him and procured him to make said conveyance to her, thereby intending to get possession of said land, and afterwards refusing to cohabit with him, and to acknowledge his marital rights, but treating him with great inhumanity.

Mere mental imbecility, or even lunacy of one of the parties to a contract does not render the contract void. Such contracts, if fairly made and fully executed without a knowledge on the part of the other contracting party, is not even voidable by the lunatic, or by any one claiming under or through him. *Breckenridge's Heirs v. Ormsby,* 1 J. J. Marsh. 236; 1 Chitty on Contracts 401, and note p. 1.

It is not proved that the grantee, who afterwards married Taylor, knew that he was an imbecile and incapable of making a valid contract, and the deed cannot, therefore, be avoided by the appellant on the first ground, even though it be conceded that such knowledge on her part would entitle a creditor of the grantor to avoid the deed. The evidence shows that Taylor transacted important business about the time and after the date of the deed in contest, and although many witnesses express the opinion that he was incapable of making a valid contract, and although the weight of the evidence, so far as it consists of the mere opinions of non-experts, is against his competency, the record fails to disclose a single instance in which he showed a lack of capacity when brought to a practical test, unless the deed to his intended wife is an exception.

But the evidence certainly shows a decided weakness for the opposite sex, and we incline to the opinion that he was so in love with the lady to whom he made the deed that he would have been incapable of resisting any demand she might have made as the condition upon which she would marry him. There is, however, no evidence whatever that she sought the marriage or used any arts to induce him to make the conveyance. On the contrary, she seems to have repeatedly rejected his suit, and only to have yielded and consented to marry him after such repeated importunities on his part both in person and through others as wholly forbids the con-

clusions that the marriage was of her seeking, or that she at any time overstepped the bounds of delicacy or strict propriety.

The deed having been made without any unfair practices, and without any knowledge on her part of his imbecility, if it existed, and the marriage in consideration of which the deed was made having been consummated, the creditors of Taylor cannot overreach her rights and subject the land to sale to pay his debts. Marriage is a valuable consideration, and the well settled rule of law is that an antenuptial conveyance in consideration of marriage, if untainted with fraud, is valid against antecedent creditors.

The alleged mistreatment of the grantor by his wife cannot affect the question of her right to the land. If the conveyance was valid when made, and the contemplated marriage took place, it could not be rendered invalid by her subsequent conduct toward her husband, and her counsel very properly refused to go into that question in the examination of witnesses.

The appellant chose to submit his case without revivor, upon its merits, and as on the merits he fails to show a right to recover, he was not prejudiced by an absolute dismission of his petition.

Judgment *affirmed*. Judge Lindsay not sitting.

*W. R. Bradley, Ed Crossland, A. Duvall, for appellant.*
*E. L. Bullock, for appellees.*